UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ELKO, | ) | CASE NO. 5: 05 CV 2591 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| MARGARET BRADSHAW, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David S. Perelman. (ECF # 12.) For the reasons set forth below, the Court declines to adopt the Magistrate Judge's recommendation that Petitioner's Motion to Hold Proceedings in Abeyance and for Leave to Amend the Petition (ECF # 11) be granted, and instead dismisses this case without prejudice. Petitioner may refile this case upon the conclusion of the pending state court proceedings.

I.

On November 4, 2005, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF # 1.) Petitioner bases his habeas claim upon six grounds, which are stated as follows in the Petition:

> (1) Petitioner was denied effective assistance of counsel by reason of errors and omissions committed by counsel; (2) Petitioner was denied a fair trial when the court refused to grant a mistrial by reason of highly inflammatory evidence being offered at his trial together with the improper prosecutorial argument; (3) Petitioner was denied due process of law when the court refused to instruct the jury concerning willful lies given by a prosecution witness and failure to give an instruction concerning alibi, instructing the jury that petitioner could be found guilty for the intervening act of another, and amended the indictment by allowing

petitioner to be convicted for an offense on a date other than that specified in the indictment; (4) Petitioner was convicted of felonious assault based on evidence that was insufficient to permit a rational factfinder to return a verdict of guilty; (5) Petitioner was subjected to multiple punishments when he was sentenced for possession of a firearm when a firearm was an element of the underlying offense; (6) Petitioner entered a pleas [sic] of guilty and attempted to withdraw his pleas of guilty. Petitioner did not knowingly intelligently and voluntarily enter his pleas of guilty as the pleas were coerced and not the product of his free will.

(*Id.* at 4-5.)

Petitioner's claims arise from two Cuyahoga County Common Pleas Court cases, CR-03-436160 and CR-03-437173. Petitioner was indicted in case number CR-03-436160 on April 14, 2003 for discharging a firearm at or into a habitation or school (R.C. § 2923.161) with specifications, and three counts of felonious assault (R.C. § 2903.11) with specifications. The case went to trial before Judge Ronald Suster on August 22, 2003. Petitioner was convicted by a jury on all four counts of the Indictment.

On May 7, 2003, Petitioner was indicted in case number CR-03-437173 for kidnapping (R.C. § 2905.01) with specifications, rape (R.C. § 2907.02) with specifications, gross sexual imposition (R.C. § 2907.05) with specifications, two counts of felonious assault (R.C. § 2903.11) with specifications, and intimidation (R.C. § 2921.04). Petitioner entered a plea of guilty before Judge Suster on August 28, 2003 to kidnapping, sexual battery, and felonious assault, all without specifications. The other charges were nolled.

Petitioner was sentenced by Judge Suster in both cases on September 25, 2003. In case number CR-03-436160, Petitioner was sentenced to three years on firearms specifications to be served prior to and consecutively to two years on base charges on each of the four counts, which were to run concurrently with each other. In case number CR-03-437173, Petitioner was

2

sentenced to six years on the kidnapping and felonious assault counts, and four years on the sexual battery count. Judge Suster ordered the sentences to run concurrently with each other, and also to run concurrently with the sentences Petitioner received in case number CR-03-436160.[1] Petitioner appealed both cases separately to the Court of Appeals of Ohio, Eighth Appellate District, where the judgments were affirmed. Petitioner then appealed each case separately to the Ohio Supreme Court, which denied leave to file the appeals and dismissed the appeals.

In this case, Respondent moved for dismissal of the Petition on January 24, 2006 (ECF # 8). In the Motion to Dismiss, Respondent argues that the Petition, which seeks habeas relief under two criminal case numbers, consists of "a single petition raising generic claims." (*Id.* at 4.) More specifically, Respondent contends that Petitioner "has failed to state with any degree of specificity what ground of relief pertains to what criminal case." (*Id.* at 4-5.) Respondent asserts that it should not "have to guess" the facts upon which "the petitioner is predicating each of his grounds for relief," and, as such, this case should be dismissed. (*Id.* at 5.)

Through counsel, Petitioner filed an Opposition to the Motion on January 27, 2006. (ECF # 9.) In the Opposition, Petitioner argues that a "simple reading of the pleadings filed in the state court will readily identify and clarify which claims are related to which case." (*Id.* at 2.) Petitioner urges this Court to deny the Motion to Dismiss, on the ground it is based on "nothing but specious reasoning and [is] a dilatory tactic." (*Id.*)

Subsequent to filing the Opposition to the Motion to Dismiss, Petitioner's counsel filed a Notice of Withdrawal. (ECF # 10.) Proceeding *pro se*, Petitioner filed a Motion to Hold

---

[1] Petitioner moved to withdraw his guilty plea in case number CR-03-437173 on March 26, 2004, but the Court denied his Motion on April 2, 2004.

Proceedings in Abeyance and for Leave to Amend the Petition on February 17, 2006. (ECF # 11.) In the Motion, Petitioner argues that the proceedings should be held in abeyance because his counsel "filed the above captioned petition while a collateral attack against the same convictions and sentences is pending in the Eighth District Court of Appeals for Cuyahoga County; i.e., *State ex rel. Elko v. Suster*, No. CA 05-087140." (*Id.* at 3.) Petitioner likewise asserts that he should be granted leave to amend the Petition because it is generic, nonspecific and fails to set forth all of his claims. (*Id.* at 2-3.)

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Perelman for the preparation of a report and recommendation. Magistrate Judge Perelman issued his Report and Recommendation on February 21, 2006, recommending that Petitioner's Motion to Hold Proceedings in Abeyance and for Leave to Amend the Petition be granted. (ECF # 12.) No objections to the Report and Recommendation have been filed. For the reasons set forth below, the Court declines to adopt the Report and Recommendation, and hereby dismisses this matter without prejudice.

## II.

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this

4

rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court, in *Thomas v. Arn*, 474 U.S. 140 (1985), examined the proper standard of review that a district judge must employ when reviewing an unopposed magistrate judge's report. When confronted with the proposition that the failure to object to a magistrate's report waives only *de novo* review, but does not waive some lesser standard of review, the Court disagreed. The Court rejected the idea that Congress mandated *de novo* review, or in fact, *any* type of review in this context. The Court stated: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Id.* at 150; *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." (citations omitted)).

Although it is not expressly required by the Federal Rules of Civil Procedure or by the

5

Supreme Court. this Court will conduct a *de novo* review of a magistrate judge's report to which no objections have been filed. In the absence of a clearly articulated standard for the review of unopposed magistrate judge's reports, this Court chooses to employ the standard which is provided by Congress for opposed reports within the text of FED. R. CIV. P. 72. Therefore, in the interests of justice and fairness to the parties, the Court will employ a *de novo* standard rather than the "clearly erroneous" or "abuse of discretion" standards.

### III.

This Court has reviewed the Report and Recommendation of this case *de novo*. After careful evaluation, this Court finds that, because state court proceedings pertaining to the Petition remain pending, this action should be dismissed without prejudice. Petitioner may refile this case upon the conclusion of those state court proceedings, at which time he may clarify the grounds for relief and include any additional claims not included in the original Petition. Therefore, the Court declines to adopt the Magistrate Judge's recommendation (ECF # 12), and Petitioner's Motion to Hold Proceedings in Abeyance and for Leave to Amend the Petition is DENIED (ECF # 11). Based on the foregoing, Respondent's Motion to Dismiss is DENIED as MOOT. (ECF # 8.)

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: March 15, 2006